IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

FILED
10:26 am, 6/26/12
Tim J. Ellis
Clerk of Court

In re                                   )
                                        )
Daniel Charles Reedy, Jr.               )   Case No. 12-20354
                                        )   CHAPTER 13
            Debtor                      )

## OPINION ON CONFIRMATION OF THE CHAPTER 13 PLAN DATED APRIL 16, 2012

This matter came before the court for the telephonic hearing held June 20, 2012, on Confirmation of the Chapter 13 Plan dated April 16, 2012 filed by Daniel Reedy, Jr. ("Debtor") and the objection filed by the Standing Chapter 13 Trustee, Mark Stewart, ("Trustee"). After an examination of the record and review of the parties' arguments, the court has determined that an evidentiary hearing would not materially assist the court. Therefore, the court is prepared to rule.

**Undisputed Facts**

The Trustee objected to confirmation of the plan asserting that the Debtor's Plan does not propose to apply all of his projected monthly disposable income to pay his non-priority, unsecured creditors. Specifically, the Trustee argues that the Debtor is claiming more transportation expenses than he is allowed. By deducting more expenses than he is allowed, the Debtor is reducing the total amount of disposable income to be paid into the plan.

On Schedule B, Debtor lists a 2004 Chevy Tahoe with 186,000 miles. The Debtor also indicates on Schedule D that the vehicle is encumbered in the amount of $4,900.00.

The court's review of Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form 22C") reflect that the Debtor claims a vehicle operation expense for one vehicle in the amount of $436.00 (Line 27A) and an ownership expense for one vehicle in the amount of $412.00 (Line 28). Debtor's operating expense is derived from the allowable local standard in the amount of $236.00 and the additional monthly operating expense of $200.00 generally allowed for a vehicle over six years old or has reported mileage of 75,000 miles or more. The Debtor claims an ownership expense in the amount of $412.00 on Line 28 of his Form 22C. The Debtor argues that he should be entitled to the ownership expense, the operating expense and the additional operating expense as an allowable deduction. The Trustee asserts that under the Internal Revenue Service's National and Local Standards, the Debtor is not entitled to the additional $200.00 deduction so long as the vehicle is encumbered.

**Discussion**

The Bankruptcy Code states,

> "If the trustee objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan, the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."[1]

---

[1] §1325(b)(1)(B).

Upon the enactment of BAPCPA[2], Congress adopted the means test to help ensure that debtors who can pay creditors, do pay them. In Chapter 13 bankruptcy cases, the means test provides the formula to calculate a debtor's disposable income that determines that amount that the debtor must pay creditors through an approved plan. Above-median income debtors use the means test to identify which expenses qualify as amount reasonably necessary to be expended.

The Bankruptcy Code provides, in part, that a debtor's monthly expenses shall be the amounts specified under the National Standards and Local Standards adopted by the Internal Revenue Service ("IRS").[3] The Local Standards include the allowable transportation expense and divide the expenses into two parts: "Ownership Costs" and "Operating Costs."

The IRS' Manual describes the transportation expenses, in part, as relevant:

> "Transportation expenses are considered necessary when they are used by taxpayers and their families to provide for their health and welfare and/or the production of income. The transportation standards consist of nationwide figures for loan or lease payments referred to as ownership costs and additional amounts for operating costs broken down by Census Region and Metropolitan Statistical Area. Operating costs include maintenance, repairs, insurance, fuel, registrations, licenses, inspections, parking and tolls.
> - Ownership Expenses – Expenses are allowed for purchase or lease of a vehicle. Taxpayers will be allowed the local standard or the amount actually paid, whichever is less, unless the taxpayer provides documentation to verify and

---

[2] Code to Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[3] §707(b)(2)(A)(ii)(I).

Page 3

> substantiate that the higher expenses are necessary. Generally, auto loan or lease payments will not continue as allowed expenses after the terms of the loan/lease have been satisfied. However, depending on the age or condition of the vehicle, the complete disallowance of the ownership expense may result in a transportation expense allowance that does not adequately meet the necessary expenses of the taxpayer.
> - Operating Expenses - Allow the full operating costs portion of the local transportation standard...
> - Additional Expenses - In situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200 will generally be allowed per vehicle."[4]
> - 

For application purposes, the court finds the example provided in the IRS Manual to be particularly helpful:

> The taxpayer has a 1995 Ford Taurus, with 90,000 reported miles. The vehicle was bought used, and the auto loan will be fully paid in 30 months, at $300 per month. In this situation, the taxpayer will be allowed the ownership expense until the loan is fully paid; i.e., $300 plus the allowable operating expense of $231 per month, for a total transportation allowance of $531 per month. After the auto loan is "retired" in 30 months, the ownership expense is not applicable; however, at that point, the taxpayer will be allowed a $200 operating expense allowance, in addition to the standard $231, for a total operating expense allowance of $431 per month.[5]

In the facts of the case before the court, the Debtor's vehicle is encumbered. He is not entitled to claim the $200.00 additional deduction until such time as the debt is retired.

---

[4] Internal Revenue Manual Part 5.8.5.20.3 (10-22-2010)

[5] *Supra.*

**Conclusion**

In conclusion, the court finds that the Debtor is not entitled to the deduction that he has claimed in the means test. The results is that he is not providing all his projected disposable income during the applicable commitment period of the plan to make payments to unsecured creditors. The Trustee's objection to confirmation of the Debtor's plan dated April 16, 2012 shall be sustained.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 26th day of June, 2012.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Phillip Willoughby
Mark Stewart